HIGH & Co. and J. J. MORRISON, plaintiffs in error, *vs.* J. W. CHILDERS, administratrix of HADEN M. PRIOR, deceased, defendant in error.

Where M. sold to P. a lot of land and took from P. a promissory note, expressing in it that it was for the balance of the purchase money, and took no other security, and afterwards M. sold said note to H. & Co., and in writing transferred the same to them thus, "without recourse, but assign my vendor's lien on lands mentioned in this note to said firm, in lieu of any other security:" *Held,* that M. and H. & Co., as against P. and his representatives, (there being no creditors who had given credit after this purchase and upon faith of it,) were entitled to a decree that the land be sold, and said note be discharged from its proceeds in preference to other demands or debts.

Equity.    Demurrer.    Decided by Judge UNDERWOOD. Polk Superior Court.    July Term, 1867.

The bill of Joseph R. High and C. H. Cohen, lately partners under the style of High & Co., and James J. Morrison made the following case :

On the 1st of January, 1861, Morrison owned a settlement of land near Cedar Town in said county, known as the West place, adjoining the lands of Haden M. Prior, formerly known as the Bigelow place; Morrison sold and conveyed said West place, containing three hundred and sixty-five acres more or less, to said Prior in his lifetime for $11,000.00, and took for the balance of said purchase money a promissory note in these words :

"$6,000.00        CEDAR TOWN, GA., January 1st, 1861.

One day after date I promise to pay James J. Morrison, or bearer, six thousand dollars for value received, for balance due for West place.                        H. M. PRIOR."

Morrison took no other security for this $6,000.00, but relied upon his lien as vendor for security.    On the 14th of June, 1861, Morrison sold the note to High & Co., and transferred his interest therein to them thus: "I, James J. Morrison, transfer to High & Co. the original note, (copying it,) without any recourse on me, but assign my vendor's lien

on lands mentioned in the note, to said firm, in lieu of any other security.                                    J. J. MORRISON."

High & Co. took it without other security, upon the faith of said vendor's lien.    Prior died; Jane W. Childers became his administratrix, and as such has possession of said West place.    Prior's estate is insolvent, largely indebted by note and otherwise to other persons.

The note is subject to a credit of $322.50, and to another credit of $1,704.17 paid 31st of August, 1863, but the only way High & Co. can realize the balance due on it is by the assertion of said lien on said land.    Most if not all of Prior's other debts were contracted before he made said purchase, and none of them were contracted upon the faith of this West place.    High & Co. proposed to the administratrix that she should sell the West place and with its proceeds pay said note, but she does not feel at liberty to do so without direction from a Court of Equity.

Therefore High & Co. pray that said West place be sold, and its proceeds be first applied to the payment of said note in preference to any other debt or demand against said estate.

This bill was demurred to generally for want of equity.

The Chancellor sustained the demurrer and dismissed the bill, and of this complaint is made by High & Co.

HARVEY & SCOTT, for plaintiffs in error, contended that the vendor's lien was assignable, citing New Code, sec. 4090; 19th Ga. R., 557; Story on Con., sec. 776;—that if that were not so, Morrison being a party cured the difficulty, citing 3 Kent, 17; 19th Ga. R., 594; 5 John. R., 489; New Code, secs. 4897, 3174.

WRIGHT & BROYLES, for defendants in error, replied, the lien is not assignable, citing 9th Ga. R., 86–92, Welborn & Duncan vs. Williams *et al.*; 1st Leading Cases in Eq., 368; 1st Bland, 519, 524, 525; 4th Maryland R., 280.

HARRIS, J.

This case is to be determined on principles governing our Courts prior to the adoption of the Code, which abolished what is called the vendor's lien.

We take it to be very clear that had not Morrison transferred the note of Prior given for the land called West place, no security being taken for the payment of the remainder of the purchase money, Morrison, before all other creditors, would be entitled in equity to the proceeds of the sale of the land just purchased by Prior from him.    This is a dictate of natural justice, and is what is called the vendor's lien.

It is a mere equity ; it has, by very high legal authority, been considered as not very accurate to term it a lien, since it differs essentially from a lien in an important characteristic —a lien may be transferred.

That Morrison, who had an indisputable equity to have the note given by Prior for the remainder of the purchase money paid from the proceeds of the sale of the land, has transferred it clearly in writing on the note and with it his vendor's lien, is an indisputable fact.    If his equity was indeed in legal parlance a lien, we would have little difficulty in recognizing the validity of its transfer.    We are not inclined at this time and in this case to determine the question whether the equity termed a vendor's lien is assignable. Our decision we place on other grounds: the peculiar facts here that Morrison the vendor is a party complainant to this bill and seeking to have now enforced what at one time he was unquestionably entitled to, no objection made to his joinder as a party with his transferees High & Co., and more especially as the record shows that the claims of none of the other creditors of Prior were contracted after the purchase of West place, and upon the faith that it was absolutely Prior's property, and paid for by him, and unincumbered by any lien.    We think the demands of good conscience require that the land thus bought by Prior of Morrison should be sold as prayed for by complainants' bill, and so much of the proceeds of such sale as are necessary to extinguish the note

given for remainder of purchase money should be applied to its payment, in preference to any other debt or demand against said estate.

Judgment reversed.